UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE LAIGON, et al. : | |
| : | |
| Plaintiffs, : | |
| v. : | No.: 11-cv-03339 |
| : | |
| PHILADELPHIA MENTAL HEALTH : | |
| CARE CORP., PMHCC, INC. : | |
| : | |
| Defendants : | |

**PLAINTIFF, EUGENE LAIGON'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Eugene Laigon ("Laigon") by and through his undersigned attorneys hereby files this response in opposition to the Motion for Summary Judgment filed by Defendants Philadelphia Mental Health Care Corp and PMHCC, Inc. ("Defendants"), and in support thereof avers as follows:

1.      Admitted.  By way of further answer, the Amended Complaint speaks for itself.

2.      Admitted.  By way of further answer, the Amended Complaint speaks for itself.

3.      Denied.  The allegations set forth in paragraph 3 of Defendants' Motion for Summary Judgment are conclusions of law to which no response is required.

4.      Denied.  The allegations set forth in paragraph 4 are conclusions of law to which no response is required.  By way of further answer, Plaintiff was originally disabled due to a bus accident in which Plaintiff was struck by a motor vehicle while walking in his Philadelphia neighborhood.  And on June 5, 2007, Plaintiff was compelled to take leave from Defendants' employment pursuant to the Family and Medical Leave Act ("FMLA").  Laigon was absent from work for approximately twelve (12) weeks as a result of a broken left hand requiring an open reduction surgery in which the bones of his hand were pinned together.  The myelopathy at the

time of Plaintiff's bus accident was an incidental diagnosis, and, at the time of his accident said diagnosis was due to multiple areas of spinal stenosis and damage due to cervical vertebral displacement. It was not fully recognized at the time of Plaintiff's FMLA leave that the extent of his myelopathy was due to the accident. By way of further answer, around August, 2008, Laigon returned to work for Defendants at 80% capacity limited by Defendants only, not by Plaintiff's physicians. Subsequent to Plaintiff returning to work, he requested accommodations be made by Defendants for his disability, several times, said accommodations were not made to Laigon, and on or about August 19, 2009, Plaintiff was terminated by Defendants as a result of his incapability to perform his work duties due to his unaccomodated disability. At all times, Defendants could have made reasonable accommodation to Laigon in order for him to continue to be employed by Defendants.

5.     Denied. The allegations set forth in paragraph 5 of Defendants' Motion for Summary Judgment are conclusions of law to which no response is required.

6-10.   Denied. The allegations set forth in paragraphs 6-10 of Defendants' Motion for Summary Judgment are conclusions of law to which no response is required. By way of further answer Plaintiff hereby incorporates his statement of undisputed facts, and Memorandum of Law in support of his response in opposition to the Defendants' Motion for Summary Judgment.

WHEREFORE, Plaintiff, Eugene Laigon, respectfully requests this Honorable Court deny the Defendants' Motion for Summary Judgment.

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE LAIGON, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | No.: 11-cv-03339 |
| | : | |
| PHILADELPHIA MENTAL HEALTH CARE CORP., PMHCC, INC. | : | |
| | : | |
| | : | |
| Defendants | : | |

## **PROPOSED FORM OF ORDER**

AND NOW this _____ day of _____, 2012, upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's response in opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion for Summary Judgment is hereby DENIED.

AND IT IS SO ORDERED.

_____
J.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE LAIGON, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | No.: 11-cv-03339 |
| | : | |
| PHILADELPHIA MENTAL HEALTH | : | |
| CARE CORP., PMHCC, INC. | : | |
| | : | |
| Defendants | : | |

## PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS

Plaintiff, Eugene Laigon ("Laigon") by and through his undersigned attorneys, hereby files this opposition to the statement of uncontroverted facts filed by Defendants, Philadelphia Mental Health Care Corp. and PMHCC, Inc. ("Defendants"), and states as follows:

1. Admitted. By way of further answer, the Amended Complaint speaks for itself.

2. Admitted. By way of further answer, the Amended Complaint speaks for itself.

3-5. Admitted. By way of further answer, Plaintiff's Amended Complaint speaks for itself.

6. Admitted upon information and belief.

7. Admitted.

8. Denied. Dr. Borislow testified that Laigon's position was funded by city offices and Laigon was assigned to the funding department of the city to be supervised by city employees. There is nothing in Borislow's testimony to indicate that PMHCC had no authority as to the funding of Plaintiff's position. By way of further answer, according to Borislow, Plaintiff's position was the only position cut by Defendants. [Exh. C, Borislow Deposition transcript at p. 36-39.] Further, it is undisputed that PMHCC was the entity responsible for hiring and firing Laigon. [Exh. A; Termination Letter.]

9.   Admitted.  By way of further answer, there is no dispute that Defendants were responsible for payroll, benefits, hiring and firing of Plaintiff.  Further, there is no dispute that Laigon is an "employee" for the purposes of the ADA and the FMLA.

10.   Admitted.  By way of further answer, please see Plaintiff's response to paragraph 9, as set forth above.

11-14.   Admitted.

15.   Admitted.

16.   Admitted.

17.   Admitted.

18.   Denied.  The allegations set forth in paragraph 18 of Defendants' Motion for Summary Judgment advised that the employee's failure to work upon the expiration of FMLA leave would subject them to immediate termination.  This is a mischaracterization of the actual policy.  At Section 608.5 of the PMHCC policy manual, the employee's failure to return to work upon the expiration of FMLA leave subjects them to potential immediate termination, **unless subject to the payment under the company disability plan**.  [See Exhibit H to Defendants' Motion for Summary Judgment at Section 608.5].  At the time of his termination, Laigon was subject to payment under the company disability plan.

19.   Admitted.

20.   Admitted.

21.   Admitted.

22.   Admitted.

23.   Admitted. By way of further answer, the fitness for duty/return to work certification speaks for itself.

24.     Admitted in part; denied in part.  Plaintiff's physician submitted a return to work certification on behalf of Plaintiff indicating that Plaintiff was ready to return to work on partial duty with a restriction of "no lifting or lifts more than 5 lbs.," to "keep his LUE repetition low," and to "limit typing to two hours per day." [Exh. D; Certification.]  Contrary to Defendants' assertions, Plaintiff's physician did not reduce Plaintiff's working hours from 7.5 to 6 hours per day, and Plaintiff's workweek was not to be reduced from 37.5 hours to 30 hours per week. [Exh. D]  Defendants performed these reductions without input from Plaintiff's attorney and without justification.

25.     Denied.  Again, the "accommodation" identified by Defendants in this paragraph was not at the request of Plaintiff, rather, the reduction in hours was an independent directive of the Defendants at the time of Plaintiff's employment. [Exh. D]

26.     Admitted.  By way of further answer, the payroll change notification sheet speaks for itself.  Further, as set forth in the payroll change notification sheet, the reduction of Plaintiff's hours it was identified in that sheet as temporary.  Subsequent to the execution of this payroll change notification sheet, provided his supervisors at Defendants, Thomas Schaeffer and Ellen Steiker with documentation indicating that he was fully able to return to work at full strength, and such documentation was submitted to Defendants.  [Exh. B, Laigon Deposition transcript p. 42-45.]

27.     Denied.  On September 20, 2007, Dr. John S. Taras, M.D. provided Dr. Laigon a full medical release returning him to full duty with no restrictions as tolerated.  [Exh. E, Taras Letter.]  By way of further answer, the previous certification and notification of return to work never limited Dr. Laigon's hours with PMHCC, rather it simply limited his typing time as well as

his ability to lift objects and requested a limitation in his repetitive activity. The hourly reduction represents a violation of the FMLA.

28. Denied. Plaintiff provided medical documentation verifying he had been cleared by physician to return to work full time. By way of further answer he forwarded that information to both Thomas Schaeffer and Ellen Steiker. [Exh. B; pp. 42-45.]

29. Admitted. Plaintiff sent a letter to City manager, Ellen Steiker indicating that he was to return to work as full duty on December 3, 2007. By way of further answer, Plaintiff provided this letter in his discovery responses. Additionally, after providing Steiker and Schaeffer the note authorizing him to return to work full duty, both Schaeffer and Steiker and advised Laigon that he was not quite ready and that due to the lack of workload at PMHCC, and rather than "stress him", PMHCC would keep him at 30 hours per week. [Exh. B, p. 59.]

30. Denied. Schaeffer never verbally requested Plaintiff return to full-time duty on October 8, 2008. Plaintiff himself requested to Thomas Schaeffer that he be allowed to return to work full-time and hence full salary. [See Id.]

31. Admitted. By way of further answer, Plaintiff submitted required information to his superiors Thomas Schaeffer and Ellen Steiker which should have returned Plaintiff to work. Plaintiff also submitted notice to Defendants' HR department that he would be returning to work full time. [Exh. F; August 29, 2007, email.]

32-37. Denied. Defendants mischaracterized the policies and procedures concerning the Plaintiff's employment at the time he returned to work. At all times, Plaintiff submitted the

documentation to his superiors, Schaeffer and Steiker.  By way of further answer, Plaintiff also sent an e-mail to Karen Holly and Sylvia Cleveland-Jackson, two employees of PMHCC.[1]

37. Denied.  Plaintiff afforded every opportunity for Defendants to address his complaints regarding pay and hours.  At all times material to Plaintiff's employment at PMHCC, he was supervised by Schaeffer.  Plaintiff submitted forms concerning the hours of work that he was performing as directed by Schaeffer and Plaintiff inquired several times relating to his employment.  Further, Laigon asked Schaeffer if anything was happening with the paperwork, what he needed to do to get paid, and Plaintiff was becoming frustrated.  [Exh. B, pp 69-71.]  Schaeffer advised that he would take care of it.  By way of further answer, please see Plaintiff's Statement of Material Facts.

38. Denied.  Laigon testified that he was in fact working full-time for PMHCC, however, due to Schaeffer's instructions he should continue to fill out the documents as if he continued to work only six (6) hours per day. [Exh. B, pp. 76-78.]

39. Admitted.  The time-off requests speak for themselves, however, Plaintiff was instructed at all times by Schaeffer to fill out the documents in accordance with Schaeffer's requests. [Exh. B, pp. 76-78.]

40-41. Admitted.

42. Denied.  At all times, Defendants had knowledge that Plaintiff was in fact working full-time.

43. Denied.  Again, at all times, Defendants were on notice and had knowledge that Plaintiff was in fact working full-time.

44. Denied.  See Plaintiff's responses to paragraphs 42-43, as set forth above.

---

[1] During the litigation, and subsequent to the deposition of Dr. Borislow, Plaintiff sought to take the deposition of Ms. Cleveland-Jackson, but was prevented from doing so by counsel for the Defendants, on the grounds that Ms. Cleveland-Jackson is ill and homebound.

45-46.  Admitted.

47.     Admitted.  By way of further answer, the FMLA leave request speaks for itself.

48.     Admitted.

49.     Admitted.  By way of further answer, at the time Laigon submitted the request for medical leave, he had no knowledge that he would need operations or that he would be out of work, he did understand that he was in a bad physical condition, yet believed that he would be able to return.  [Exh. B, p. 82.]

50.     Denied.  Nothing contained in this document indicates that Plaintiff's FMLA approval was made on February 18, 2009.

51.     Admitted.  Plaintiff was making all efforts he could to make it to work, he would try to come in to work, walk a block, become too exhausted and go back to his home.  Laigon's legs were so weak at that time that he could not walk into the job without pain.  At certain times he would get dressed, come downstairs and attempt to go to work but simply could not muster the strength to make it in.  [Exh. B, Laigon pp. 82-84.]

52.     Denied.  At all times material hereto Defendants were on notice and aware as to when Plaintiff was reporting to work.  [Exh. B, pp. 69-71, 76-78.]

53.     Admitted.  The return to work certification dated February 10, 2009 speaks for itself.

54.     Admitted.

55.     Denied.  Paragraph 55 is a complete mischaracterization of the Plaintiff's physician's diagnosis.  The Plaintiff's physician indicates that Laigon was going to be fully disabled for the period of 12/22/08 until 5/18/08.  As set forth in Exhibit R to Defendants' Motion for Summary Judgment, Plaintiff's physician indicated that Laigon would be ready and able to return to work without any limitation on or about May 18, 2009.

56-60.   Admitted.

61.   Admitted.  By way of further answer, Plaintiff's physicians also certified and believed that Plaintiff would be able to return to work for Defendants without limitation.  See Exhibit R to Defendants' statement of uncontroverted facts.

62.   Admitted.

63.   Admitted.  Plaintiff was paid certain STD benefits on March 10, 2009, however, the amounts of the benefits were significantly lower than what Plaintiff was entitled to as a result of Plaintiff's full-time work reduction which was made by Defendants.

64.   Admitted.  By way of further answer, Plaintiff's claim for income protection benefits speaks for itself.

65-66.   Admitted.

67.   Denied.  Exhibit W attached to Defendants' Motion for Summary Judgment is a writing and speaks for itself.  It is admitted that the benefits paid to Plaintiff were disability benefits.

68.   Admitted.

69.   Admitted.  It is admitted that Defendants extended Plaintiff's FMLA leave until June 19, 2009.

70.   Admitted.  By way of further answer, Plaintiff's June 30, 2009, e-mail speaks for itself.

71.   Admitted.

72.   Denied.  The allegations set forth in this paragraph are conclusions of law to which no response is required.  By way of further answer, it is denied that Defendants ever intended on holding Plaintiff's position open.  Further, Plaintiff's position was the only position at PMHCC that Defendants claim the City of Philadelphia "eliminated".  [Exh. C, pp. 38-39.]

73.   Denied.  See Plaintiff's response to paragraph 72, as set forth above.

74. Admitted. The August 17, 2008 letter speaks for itself.

75. Admitted. It is admitted only that the Plaintiff was advised his position had been eliminated by the City due to budgetary constraints. It is denied that this budgetary constraint is the actual reason for Plaintiff's termination from employment.

76. Admitted. By way of further answer, the August 17, 2008 letter speaks for itself.

77. Denied. The allegations set forth in paragraph 77 of Defendants' statement of uncontroverted facts is a conclusion of law to which no response is required.

78-79. Admitted.

80. Plaintiff continues to believe that he may at some point be able to at least walk with a cane, maybe a walker and at some point going to go back to work. [Exh. B, p. 95.]

81-84. Admitted. It is admitted that Plaintiff as of the present time is disabled, and that his medical condition is not expected to improve. However, that fact is not the topic of Plaintiff's lawsuit, rather, the time period when Plaintiff in fact did become disabled is the matter at issue. Plaintiff was terminated and discriminated against **prior to** any determination that he was in fact actually disabled, and further, Defendants were treating Plaintiff as if he were disabled (reducing his hours of work) contrary to the instructions of his physician.

85-88. Admitted.

89. Denied. The allegations set forth in paragraph 89 of Defendants' statement of uncontroverted facts are conclusions of law to which no response is required.

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE LAIGON, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | No.: 11-cv-03339 |
| | : | |
| PHILADELPHIA MENTAL HEALTH CARE CORP., PMHCC, INC. | : | |
| | : | |
| Defendants | : | |

### CERTIFICATE OF SERVICE

I, Graham F. Baird, Esquire, hereby certify that on this 7th day of August, 2012, a true and correct copy of the foregoing Plaintiff's Opposition to the Defendants' Statement of Uncontroverted Facts was served via ECF, upon the following parties:

Patricia A. Fecile-Moreland, Esq.
Marks O'Neill O'Brien Courtney, P.C.
1800 JFK Blvd. Ste. 1900
Philadelphia, PA 19103

          **WEISBERG LAW, P.C.**

          /s/ Graham F. Baird
          Matthew B. Weisberg
          Graham F. Baird, Esquire
          Attorney for Plaintiff